UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
REMI ILLIS,

                Petitioner,

    – against –

SUPERINTENDENT ARTUS,

                Respondent.
-----------------------------------------------------------X

**MEMORANDUM and ORDER**

06-CV-3077 (SLT)(VVP)

**TOWNES**, **United States District Judge:**

    Petitioner Remi Illis ("Petitioner" or "Mr. Illis") commenced this action in June 2006 by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was subsequently referred to Magistrate Judge (now District Judge) Kiyo A. Matsumoto, who issued a Report and Recommendation ("R&R") on June 5, 2008, recommending that Mr. Illis's petition be denied. Over the last nine months, Petitioner has sought and received several extensions of the deadline for filing objections to the R&R. Petitioner's objections are currently due March 31, 2009.

    By letter dated February 9, 2009, Petitioner now moves, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to stay this action until he can exhaust new issues relating to a sidebar conference which occurred out of Petitioner's presence immediately after the trial judge charged the jury. During that conference, Petitioner's counsel agreed to permit the court to send exhibits into the jury room without reconvening the parties and represented that Petitioner had refused to agree to the substitution of alternate jurors. *See* Trial Transcript at 667-68. In his letter, Petitioner implies that it was Constitutional error for the trial judge to conduct sidebar discussions with counsel outside of his presence and to send exhibits into the jury room without reconvening the parties. In addition, Petitioner alleges that defense counsel never consulted with

him about the substitution of alternate jurors and never informed him of what transpired during the sidebar discussions.

## *DISCUSSION*

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that, while district courts have discretion to grant stays, "stay and abeyance should be available only in limited circumstances." *Id.*, 544 U.S. at 277. Specifically, the Supreme Court held that a stay should be granted only if a petitioner can show "good cause" for failing to exhaust all available State remedies earlier and, even then, only if the unexhausted claims are not "plainly meritless." *Id.* Petitioner's letter does not establish that this is an instance in which a stay is appropriate. First, Petitioner offers no explanation as to why he waited until now – almost 32 months after commencing this action and more than eight months after Judge Matsumoto issued her R&R – to seek to exhaust these new issues. Petitioner was doubtless aware that he had been excluded from the sidebar conference as soon as it occurred on February 11, 2002. He also knew that same day whether or not defense counsel had informed him of what occurred at that conference. Although Petitioner may not have known that defense counsel had represented to the court that Petitioner refused to consent to the substitution of counsel, Petitioner could have inferred, from the trial court's comments to the jury immediately following the conference, that his attorney had agreed to permit the jurors to view the exhibits without reconvening the parties. Nonetheless, Petitioner did not raise any of these issues on direct appeal, or even in his habeas petition. Rather, he waited until February 9, 2009 – almost seven years after the sidebar conference – in which to raise these issues.

Even if this lengthy delay could be justified, Petitioner's proposed claims are "plainly meritless." First, the trial court clearly did not err in sending exhibits into the jury room without

reconvening the parties, or in dismissing the alternate jurors at the start of deliberations. Defense counsel expressly consented to the former procedure, and represented that Mr. Illis had expressly refused to consent to substitution of alternate jurors following the start of deliberations. Trial Transcript at 668. The trial judge was entitled to rely on defense counsel's representations.

The trial court also had ample reason to believe that Petitioner had knowingly and voluntarily waived his right to be present at sidebar conferences. At the start of *voir dire*, Petitioner expressly waived his *Antommarchi* rights. *See* Trial Transcript at 28. Thereafter, petitioner made no apparent effort to attend sidebar conferences, and did not protest his exclusion from them. This conduct implied a waiver of whatever rights Petitioner may have had to be present at the sidebars. *See*, *e.g.*, *Ellis v. Phillips*, No. 04 Civ. 7988 (SHS)(AJP), 2005 WL 1637826, at *14 (S.D.N.Y. July 13, 2005) (citing cases); *Pellington v. Greiner*, 307 F. Supp. 2d 601, 605 (S.D.N.Y. 2004) ("a waiver [to be present at any stage of the criminal proceeding] may be implied by a defendant's conduct.").

Moreover, even absent a waiver, plaintiff's constitutional rights were not violated by his exclusion from the sidebar conference at issue. "[A] criminal defendant's constitutional right to be present at various stages of his trial is rooted in the Confrontation Clause of the Sixth Amendment and, when confrontation is not at issue, the Due Process Clause of the Fifth Amendment." *United States v. Peterson,* 385 F.3d 127, 138 (2d Cir. 2004). The Sixth Amendment right is not implicated, however, where no witness or evidence is presented in the sidebar conference. *See United States v. McCoy*, 8 F.3d 495, 496 (7th Cir. 1993). No witness or evidence was presented during the post-charge conference at issue, so Petitioner's assertion that his Sixth Amendment rights were violated through his alleged exclusion from the conference is without merit.

The facts alleged in Petitioner's February 9, 2009, letter also do not suggest a violation of Petitioner's Fifth Amendment right to due process. Court have repeatedly held that the due process clause "only guarantees a defendant the right to be present at a given stage of his trial 'to the extent that a fair and just hearing would be thwarted by his absence.'" *United States v. Peterson*, 385 F.3d at 138 (2d Cir. 2004) (quoting *United States v. Rivera*, 22 F.3d 430, 438 (2d Cir.1994)). Thus, a defendant does not enjoy a due process right to be present at a proceeding which "involves only a conference or hearing on a question of law." *See* Fed. R. Crim. P. 43(b)(3). The post-charge conference at issue herein involved solely questions of law. Accordingly, Petitioner's due process rights were not violated when he was excluded from it.

The allegations in Petitioner's February 9, 2009, letter also fail to suggest a basis for arguing ineffective assistance of trial counsel. The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Accordingly, in order to prevail on an ineffective assistance of counsel claim, a petitioner must show not only that "counsel's representation fell below an objective standard of reasonableness," *id*. at 688, but also "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Even assuming, *arguendo*, that defense counsel never discussed substitution of the alternate jurors with Petitioner and never informed him of the substance of the sidebar discussions, these acts would not have affected the outcome of the proceedings. The twelve jurors reached a verdict around 4:00 p.m. on the same day that they were charged. During those few hours, no issue arose concerning the ability of any juror to continue deliberating. Therefore,

4

even if Petitioner had actually consented to retaining the alternate jurors, none of these alternates would have been substituted in this case and the outcome would have remained the same. Similarly, there is nothing to suggest that the outcome of the case would have changed had defense counsel faithfully recounted the details of the sidebar discussions to the *pro se* Petitioner.

## *CONCLUSION*

For the reasons set forth above, Petitioner's motion to stay this action pursuant to *Rhines v. Weber*, 544 U.S. 269, is denied. Petitioner is remind that he has until March 31, 2009, to file his objections to Judge Matsumoto's Report and Recommendation. Petitioner is advised that, in light of the age of this case, this Court would be reluctant to extend further Petitioner's time to file those objections.

SO ORDERED.

Dated: Brooklyn, New York
February 23, 2009

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge