```
                                                                FILED
                                                           IN CLERK'S OFFICE
                                                         U.S. DISTRICT COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                              ★   AUG 28 2009
------------------------------------------------------X
REMI ILLIS,                                                     P.M.
                                                           TIME A.M.
                        Petitioner,

                                                      **MEMORANDUM and ORDER**
        — against —
                                                      06-CV-3077 (SLT)(KAM)
SUPERINTENDENT ARTUS,

                        Respondent.
------------------------------------------------------X
```

**TOWNES, United States District Judge:**

Petitioner Remi Illis seeks a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254 challenging his conviction for depraved indifference murder, N.Y. Penal Law § 125.25(2), on the grounds that insufficient evidence supported the conviction and that the assistance of trial counsel was ineffective. The petition was referred to then–Magistrate Judge Kiyo A. Matsumoto for a report and recommendation ("R&R").[1] In a R&R dated June 5, 2008, Judge Matsumoto denied the petition, rejecting both of petitioner's arguments. Respondent filed an objection to the R&R on June 11, 2008, and petitioner filed objections on March 30, 2009. The factual background is adequately described in the R&R, and this memorandum and order assumes familiarity with the relevant background.

## STANDARD OF REVIEW

If any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

---



[1] Judge Matsumoto has since been appointed Federal District Judge.

to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

## DISCUSSION

Petitioner objects that the prosecution did not prove that the death of Joseph Biscotti, Jr., was caused by blows that occurred after the justification of self-defense no longer applied. This Court, however, declines to consider this argument. "In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, 03-CV-1851, 2006 WL 2524187, *2 (E.D.N.Y. Aug. 30, 2006) (citing *Pan Am. World Airways v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990); *Travelers Ins. Co. v. Estate of Garcia*, No. 00-CV-2130, 2003 WL 1193535, at *2 (E.D.N.Y. Feb. 4, 2003); *Henrietta D. v. Giuliani*, No. 95-CV-0641, 2001 WL 1602114, at *3 (E.D.N.Y. Dec. 11, 2001); *Abu-Nassar v. Elders Futures, Inc.*, No. 88-CV-7906, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994)). Petitioner never argued before Judge Matsumoto that the prosecution had not proven that Biscotti's death was caused by blows that occurred after the justification of self-defense no longer applied. Rather,

petitioner argued that he had murdered Biscotti intentionally, rendering the depraved indifference conviction invalid. Petitioner stated, for example, that "the only logical conclusion that can be drawn from the testimony and physical evidence adduced at the trial is that there was an intentional homicide committed." (Reply at 5). Petitioner may not now raise new arguments that the magistrate judge did not have an opportunity to consider when drafting her R&R.

Petitioner also argues that the assistance of trial counsel was ineffective because counsel failed to introduce evidence of Biscotti's violent reputation and prior violent acts, which petitioner contends would have aided the jury in determining whether petitioner acted rationally in self-defense. The Court will not consider this argument because it too was not raised before the magistrate judge. Before the magistrate judge, petitioner argued only that the assistance of trial counsel was ineffective because counsel hired his brother as an expert witness. (Reply at 12–14).

Respondent objects to the grant of a certificate of appealability by Judge Matsumoto. Because petitioner has not objected to the substance of Judge Matsumoto's R&R, and has instead sought only to raise new arguments, petitioner has waived his right to appellate review. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989). As a result, a certificate of appealability will not be issued.

Finally, this Court has reviewed the remainder of Judge Matsumoto's R&R and is satisfied that it is not clearly erroneous.

## CONCLUSION

Petitioner's objections to Judge Matsumoto's Report and Recommendation are denied. A certificate of appealability will not be issued because petitioner has waived his right to appellate

3

review. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
August 27, 2009

                                                  SANDRA L. TOWNES
                                                United States District Judge