UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
REMI ILLIS,

                      Petitioner,

          -- against --

SUPERINTENDENT ARTUS

                      Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

06-CV-3077 (SLT)(VVP)

**TOWNES**, **United States District Judge:**

       In June 2006, petitioner Remi Illis, proceeding *pro se*, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for depraved-indifference murder, N.Y. Penal Law § 125.25(2) on, *inter alia*, the ground that the evidence was insufficient to support that conviction. This matter was referred to Magistrate Judge (now District Judge) Kiyo A. Matsumoto who, in a report and recommendation issued June 5, 2008 (the "R&R"), recommended that the petition be denied but that a certificate of appealability ("COA") be issued in light of changes in New York's depraved indifference murder law during the pendency of petitioner's direct appeal. Petitioner subsequently filed "objections" to the R&R, raising two arguments which had not been raised before Judge Matsumoto, and respondent objected to the issuance of the certificate of appealability. In a memorandum and order dated August 27, 2009, and filed August 28, 2009 (the "Prior M&O"), this Court ruled that petitioner's new arguments were not actually objections, and that petitioner was no longer entitled to a COA because he had not objected to that portion of the R&R which held that the evidence was sufficient to support his conviction. Judgment was entered against petitioner on August 31, 2009.

In March 2012, petitioner moved pursuant to Fed. R. Civ. P. 60(b) to vacate the judgment which had been entered against him in this action two and one-half years earlier, filing a notice of motion and a ten-page affidavit in support of that motion.[1] In the alternative, petitioner seeks to vacate that portion of this Court's Prior M&O which denied him a COA. For the reasons set forth above, petitioner's motion is denied.

## BACKGROUND

In February 2001, Joseph Biscotti, Jr., died as a result of injuries he sustained after being shot and repeatedly struck in the head with a large concrete slab. A few days after Biscotti's murder, petitioner was questioned by police. After originally denying that he knew anything about Biscotti's death, petitioner gave the police oral, written, and videotaped statements in which he admitted striking Biscotti with the slab. However, petitioner maintained that he had acted in self-defense. According to petitioner, Biscotti initiated the incident by pointing a gun at petitioner and was shot in an ensuing struggle over the weapon. Despite being wounded in the eye, Biscotti retained the gun and advanced on petitioner, prompting petitioner to strike him several times with the slab.

Petitioner was subsequently indicted for various offenses, including murder in the second degree on a depraved indifference theory. *See* N.Y. Penal Law § 125.25(2). However, the grand jury voted not to indict petitioner for intentional murder in the second degree. In February 2002, after a trial in which defense counsel called his own brother as an expert witness, petitioner was convicted of depraved indifference murder and a misdemeanor drug offense.

---

[1] A few months after filing this Rule 60(b) motion, petitioner filed another notice of motion. Although that notice of motion sets forth a new return date, it is in most other respects a a duplicate of the initial notice of motion.

On appeal, petitioner's counsel raised two arguments on petitioner's behalf: (1) that the trial court erred in refusing to dismiss the depraved indifference murder charge on the ground that the blows to the deceased were inflicted intentionally, not recklessly, and (2) that the People failed to disprove petitioner's justification defense beyond a reasonable doubt. In addition, petitioner filed a *pro se* supplemental brief in which he argued that his trial counsel provided ineffective assistance because he called his own brother as an expert witness, even though the brother lacked sufficient expertise and credentials. These arguments were denied on the merits by the Appellate Division of the Supreme Court of the State of New York, which found, *inter alia*, that "[s]ufficient evidence was presented at trial to support the conclusion that [petitioner] acted recklessly and with depraved indifference to human life, rather than intentionally;" that the evidence was legally sufficient to establish petitioner's guilt beyond a reasonable doubt; and that petitioner's trial counsel provided meaningful representation. *People v. Illis*, 11 A.D.3d 481, 481, 782 N.Y.S.2d 374, 374-75 (N.Y. App. Div. 2004).

On June 29, 2005, the New York Court of Appeals denied petitioner leave to appeal. *People v. Illis*, 5 N.Y.3d 763, 801 N.Y.S.2d 258 (N.Y. 2005). Almost one year thereafter, petitioner commenced this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). The Petition raised two grounds for relief, both of which had been raised and exhausted on direct appeal. First, petitioner argued that his trial counsel was ineffective because he used his brother as an expert witness, stating: "Counsel's brother was not qualified as an expert in the essential field and impaired my defense." Petition at 6. Second, petitioner argued that the evidence at trial was insufficient to support the murder conviction, stating:

> The evidence at trial reveals the victim was shot and then hit
> several times in the head with a large rock . . . [.] The evidence at
> trial supported intentional Murder, but I was convicted of acting
> recklessly.

*Id.* at 7 (bracket and ellipses added).

This Court referred the Petition to Judge Matsumoto. In a thorough report and recommendation dated and filed June 5, 2008, Judge Matsumoto recommended that the Petition be denied. *Illis v. Artus*, No. 06-CV-3077 (SLT)(KAM), 2008 WL 5666638, at *22 (E.D.N.Y. Jun. 5, 2008). With respect to the ineffective assistance argument, Judge Matsumoto found that trial counsel's conduct was "not objectively unreasonable," noting that the trial court had determined that defense counsel's brother was "qualified to serve as an expert" and that the brother had provided testimony that was helpful to petitioner's defense. *Id*. at *21-*22.

With respect to the sufficiency argument, Judge Matsumoto noted that the law relating to the elements of depraved indifference murder had "gradually and perceptibly changed" from the date of petitioner's conviction in February 2002 to the date petitioner's conviction became final on September 27, 2005. *Illis*, 2008 WL 5666638, at *8. Judge Matsumoto concluded, however, "that the evidence at petitioner's trial, viewed in the light most favorable to the prosecution, was sufficient to allow a rational trier of fact to find petitioner guilty beyond a reasonable doubt of depraved indifference murder as defined by the law at the time of petitioner's conviction, as well as at the time that petitioner's conviction became final." *Id*. Despite this conclusion, Judge Matsumoto recommended that this Court grant a certificate of appealability in light of the "changes in New York's depraved indifference murder law during the pendency of petitioner's direct appeal." *Id*. at *22.

Both petitioner and respondent objected to Judge Matsumoto's R&R. Petitioner raised two "objections," both of which differed from the grounds set forth in the Petition. First, petitioner argued that the prosecution did not disprove his justification defense beyond a reasonable doubt, asserting that the People did not prove that Biscotti's death was caused by blows delivered after the justification for self-defense had dissipated. Second, petitioner advanced another basis for finding ineffective assistance of counsel, arguing that trial counsel failed to introduce evidence of Biscotti's violent reputation and prior violent acts. Respondent objected only to Judge Matsumoto's recommendation that petitioner be granted a COA.

In a memorandum and order dated August 27, 2009, and filed August 28, 2009, this Court held that petitioner was raising new arguments, rather than objections to the R&R. This Court noted:

> Petitioner never argued before Judge Matsumoto that the prosecution had not proven that Biscotti's death was caused by blows that occurred after the justification of self-defense no longer applied. Rather, petitioner argued that he had murdered Biscotti intentionally, rendering the depraved indifference conviction invalid.
> 
> \*   \*   \*
> 
> Petitioner also argues that the assistance of trial counsel was ineffective because counsel failed to introduce evidence of Biscotti's violent reputation and prior violent acts, which petitioner contends would have aided the jury in determining whether petitioner acted rationally in self-defense. . . . Before the magistrate judge, petitioner argued only that the assistance of trial counsel was ineffective because counsel hired his brother as an expert witness.

*Illis v. Artus*, No. 06-CV-3077 (SLT)(KAM), 2009 WL 2730870, at \*1-\*2 (E.D.N.Y. Aug. 28, 2009). Citing to various cases for the well-settled proposition that "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not," *id*. at \*1, this Court declined to

consider either of petitioner's arguments. Accordingly, this Court adopted Judge Matsumoto's recommendation that the Petition be denied.

In contrast, this Court found that respondent's objection had merit. Citing to *Thomas v. Arn*, 474 U.S. 140 (1985), and *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam), for the proposition that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision, this Court held:

> Because petitioner has not objected to the substance of Judge Matsumoto's R&R, and has instead sought only to raise new arguments, petitioner has waived his right to appellate review. . . . As a result, a certificate of appealability will not be issued.

2009 WL 2730870, at *2.

*Petitioner's Motion to Vacate*

On June 22, 2012 – approximately two and one-half years after this Court entered judgment dismissing this action – petitioner moved to vacate that judgment pursuant to Fed. R. Civ. P. 60(b). In the first half of his ten-page Affidavit in Support of Motion to Vacate the Judgment Pursuant to F.R.C.P. 60(b) ("Petitioner's Affidavit"), petitioner expresses some confusion regarding the Prior M&O, stating that it is "not entirely clear" and implying that this Court may not have intended to state that petitioner had "waived his appeal." Petitioner's Affidavit at 1. Petitioner repeatedly notes that he had no need to object to that portion of the R&R which recommended that he be granted a COA, and argues that this Court's decision not to issue the COA "ran a foul [*sic*] of the progeny of the doctrines that have developed in the various District Courts [that do] . . . not require an objection when it was the portion that was favorable to petitioner." *Id.* at 3.

6

The second half of Petitioner's Affidavit, beginning on page 6, asserts that there has been a "miscarriage of justice" in his case. Although petitioner cites to many of the New York Court of Appeals cases referenced in Judge Matsumoto's R&R, petitioner also cites to some depraved indifference cases which have been decided since that R&R was issued, including *Rivera v. Cuomo*, 649 F.3d 132 (2d Cir. 2011), which granted a writ of habeas corpus on the ground that the evidence was legally insufficient to support the petitioner's conviction for depraved indifference murder. Petitioner asserts that the facts in his case only support a theory of intentional murder, Petitioner's Affidavit at 9, and that this Court overlooked "petitioner's long standing argument that the evidence adduced proved an intentional Murder and not a depraved indifference" murder. *Id*. at 5. However, petitioner makes no effort to show that Judge Matsumoto was incorrect in holding that the evidence adduced at petitioner's trial was sufficient to prove petitioner guilty of depraved indifference murder as defined by the law at the time petitioner's conviction became final. Indeed, petitioner appears to argue only that the R&R was correct, especially in recommending that a COA be granted in light of changes in the law relating to depraved-indifference murder.

## *DISCUSSION*

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P.] 59(b);

7

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

This section "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (brackets in original) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)). However, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Id*. (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).

"Rule 60(b) is not a substitute for appeal," *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986), and a Rule 60(b) motion "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. (citing cases). While *pro se* submissions must be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), *pro se* litigants are not "exempt . . . from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

The instant motion to vacate does not set forth any law or facts which this Court overlooked. The first half of Petitioner's Affidavit appears to assume that this Court's decision not to issue a COA had something to do with petitioner's failure to object to Judge Matsumoto's recommendation that a COA be granted. However, petitioner misapprehends the rationale underlying the Prior M&O.

To understand the rationale of the Prior M&O, one must first understand 28 U.S.C. §636(b), a section which permits a district court to refer certain dispositive matters to a magistrate judge for a report and recommendation. This section requires the magistrate judge to mail a copy of the report and recommendation to all parties and currently provides that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."[2] This section further provides that a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." However, "[a] proper objection requires reference to a specific portion of the Report and Recommendation." *Pizarro v. Gomprecht*, No. 10-CV-4803 (KAM)(LB), 2013 WL 990997, at *1 (E.D.N.Y. Mar. 13, 2013) (quoting *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1

---

[2] At the time Judge Matsumoto issued her R&R, § 636(b) required that objections to a report and recommendation be filed within ten days of service. The time period was lengthened to fourteen days in 2009, in connection with other changes relating to the computing of statutory time periods. *See* Statutory Time-Periods Technical Amendments Act of 2009, Pub. L. No. 111-16, § 6(1), 123 Stat 1607.

(E.D.N.Y. Feb.15, 2012)). A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam), the Second Circuit "recognized that the failure to timely object to a magistrate judge's report and recommendation generally operates as a waiver of any further judicial review, as long as all parties receive clear notice of the consequences of their failure to object." *Ingram v. Herrick*, 475 Fed. Appx. 793, 793 (2d Cir. 2012) (summary order). Relying on the rationale in *Small*, the Second Circuit has held that a party which fails to object to specific portions of a report and recommendation either fails to preserve those portions for appellate review or waives appellate review of those portions. *See*, *e.g.*, *Oneida Indian Nation v. Bond Schoeneck & King, PLLC*, Nos. 11-3272-cv, 11-3275-cv, 2012 WL 5860515, at *1, n. 1 (2d Cir. Nov. 20, 2012) (summary order) (citing *Small* in holding that a party waived its argument that it was entitled to prejudgment interest by failing to object to the magistrate judge's report and recommendation on this ground); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (citing *Small* in holding that a plaintiff's objection to a report and recommendation – in which the plaintiff argued that it was error to deny his motion for partial summary judgment on a Title VII claim "[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment" – was not specific enough to preserve the Title VII claim for appellate review). However, "a *pro se* party's failure to object to a magistrate judge's report . . . does not operate as a waiver . . . unless the magistrate's report explicitly states that failure to object to the report . . . will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." *Small*, 892 F.2d at 16.

Although petitioner filed timely "objections" to the R&R in this case, petitioner's submission did not actually object to the substance of Judge Matsumoto's report or recommendation. Notably, petitioner's "objections" did not specifically address that portion of the R&R which held that there was sufficient evidence to support the conviction for depraved indifference murder. Rather, petitioner argued that the prosecution had not disproved his justification argument beyond a reasonable doubt, asserting that the prosecution had not proven that Biscotti's death was caused by blows that occurred after petitioner was no longer justified in using deadly force in self-defense. This justification argument was entirely distinct from the sufficiency argument raised in the Petition for a writ of habeas corpus. Indeed, this Court notes that petitioner's appellate counsel raised the sufficiency and justification issues as two separate points in his Appellate Division brief.

Although petitioner has proceeded *pro se* throughout this action, Judge Matsumoto's R&R expressly advised the parties that objections to the R&R had to be filed with this Court within 10 days of service of the report, and that failure to object within 10 days of service would preclude appellate review. *Illis*, 2008 WL 5666638, at *22. The R&R also cited to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 6, as well as *Thomas* and *Small*. *Illis*, 2008 WL 5666638, at *22. While the R&R did not mention Rule 72 of the Federal Rules of Civil Procedure, the Second Circuit has held that failure to cite to this rule is not a material omission where the report and recommendation advised the parties that objections had to be filed within a specified time period, warned that failure to file objections within that time would result in waiver of the right to appeal, and cited to both 28 U.S.C. § 636(b)(1) and *Small*. *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

11

Because petitioner did not specifically object to the substance of Judge Matsumoto's R&R and because that R&R sufficiently advised petitioner that he would waive appellate review if he failed to file a timely objection, this Court concluded that petitioner had waived his right to appellate review of Judge Matsumoto's R&R – including that portion which held that there was sufficient evidence to support the conviction for depraved indifference murder. *See Illis*, 2009 WL 2730870, at *2. In light of that waiver, it was no longer appropriate to permit petitioner to file a fruitless appeal by issuing a COA. Accordingly, this Court modified Judge Matsumoto's R&R to the extent of denying the COA. *Id.*

*Miscarriage of Justice*

In the second half of Petitioner's Affidavit, petitioner asserts that this Court somehow misunderstood the gist of his sufficiency argument and that his conviction for depraved-indifference murder was a miscarriage of justice. This Court recognizes that "the *Small* rule is a nonjurisdictional waiver provision whose violation . . . may [be] excuse[d] in the interests of justice." *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (brackets added). However, this Court perceives no injustice. Although petitioner asserts that the facts in his case "only support[] a theory of intentional" murder and "could not support a depraved indifference murder conviciton," Petitioner's Affidavit at 9, petitioner makes no effort to show how Judge Matsumoto's reasoning was incorrect. Having carefully reviewed Judge Matsumoto's reasoning, this Court fully concurs with her conclusion "that the evidence at petitioner's trial, viewed in the light most favorable to the prosecution, was sufficient to allow a rational trier of fact to find petitioner guilty beyond a reasonable doubt of depraved indifference murder as defined by the law at the time of petitioner's conviction, as well as at the time that petitioner's conviction became final." *Illis*, 2008 WL 5666638, at *8.

The second half of Petitioner's Affidavit cites to various New York Court of Appeals cases, but none of these cases suggest that Judge Matsumoto's analysis was incorrect. Indeed, almost all of the cases cited by petitioner are cases which Judge Matsumoto cited and discussed in her R&R. None of these are cases which Judge Matsumoto or this Court overlooked.

To be sure, Petitioner's Affidavit does cite to *Rivera v. Cuomo*, 649 F.3d 132 (2d Cir. 2011) – a case which post-dates the R&R and this Court's decision adopting Judge Matsumoto's sufficiency analysis. In *Rivera,* the Second Circuit initially granted habeas corpus relief upon the same sufficiency argument which petitioner advances in this case. However, Petitioner's Affidavit fails to mention that *Rivera* was reversed on rehearing on December 16, 2011 – about six months before petitioner filed the instant motion. *See Rivera v. Cuomo*, 664 F.3d 20 (2d Cir. 2011) ("Rivera II"), *cert. denied*, — U.S. —, 133 S.Ct. 195 (2012). This Court notes that *Rivera II* utilizes the same fact-specific analysis used by Judge Matsumoto in her R&R.

## *CONCLUSION*

For the reasons set forth above, petitioner's motion pursuant to Fed. R. Civ. P. 60(b) to vacate the final judgment in this case is denied. Petitioner's Rule 60(b) motion, like petitioner's original § 2254 Petition, does not make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability shall not issue from the denial of the instant motion for reconsideration.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: March 29, 2013
      Brooklyn, New York